```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                         DALLAS DIVISION

JOEL WARREN,                        §
                                    §
                    Plaintiff,      §
                                    § Civil Action No. 3:08-CV-0768-D
VS.                                 §
                                    §
STATE FARM MUTUAL                   §
AUTOMOBILE INSURANCE                §
COMPANY, et al.,                    §
                                    §
                    Defendants.     §
```

                         MEMORANDUM OPINION
                            AND ORDER

In this case removed on the basis of diversity of citizenship, plaintiff's motion to remand presents the question whether the removing defendant who has responded to the motion has met its heavy burden of establishing that there is no reasonable basis for the court to predict that the plaintiff might be able to recover under Texas law against the Texas-citizen defendant. Concluding that the defendant has not made this showing, the court grants plaintiff's motion and remands this case to state court.

                                  I

Plaintiff Joel Warren ("Warren") was struck from behind by another driver, Christopher Holub ("Holub").[1] The accident was Holub's fault. Warren was insured by defendant State Farm Mutual

---

[1] In reciting the facts of the case, the court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (internal quotation marks omitted).

Automobile Insurance Company ("State Farm"). His policy covered injuries to occupants of his vehicle, and he had underinsured motorist coverage up to $100,000 per incident. Warren later obtained a judgment against Holub in the amount of $136,285.55, based on Holub's negligence. Holub paid Warren $20,007.00 for a release of the judgment, leaving Warren with $116,278.55 in unsatisfied damages. Before agreeing to release Holub, Warren obtained State Farm's permission. Warren presented to State Farm the findings of the amount of unpaid damages Warren sustained from the accident, but State Farm refused to pay the balance of the $100,000 underinsured coverage. Defendant Todd J. Dauper ("Dauper") is the State Farm adjuster who handled Warren's claim.

Warren filed the instant suit in state court against State Farm and Dauper asserting causes of action under Tex. Ins. Code Ann. § 541.151 (Vernon Pamp. Supp. 2008) for unfair or deceptive practices in the business of insurance; Tex. Ins. Code Ann. § 542.060 (Vernon Pamp. Supp. 2008) for unfair claims settlement practices; the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code Ann. §§ 17.41-17.826 (Vernon 2002 & Supp. 2008); and for the breach of the duty of good faith and fair dealing.[2] Defendants then removed the case to this court based on diversity of citizenship. In their amended notice of

---

[2]Warren excluded Dauper from his § 542.060 claim, and some of Warren's theories of recovery under the other three causes of action involve only State Farm.

removal, defendants maintain that Dauper's Texas citizenship should be disregarded because he had been improperly joined to defeat diversity jurisdiction. Dauper's presence as a defendant eliminates complete diversity and, under 28 U.S.C. § 1441(b), prevents removal because he is a citizen of Texas, the state in which suit was brought. State Farm maintains that, under Texas law, Warren has no possibility of recovering against Dauper individually, and that Dauper is therefore improperly joined.

II

"The doctrine of improper joinder . . . entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Id.* at 576. Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiffs are unable to establish a cause of action against the non-diverse defendant in state court. *Id.* at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

Under the second alternative—the one at issue in this case—the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the

removal, defendants maintain that Dauper's Texas citizenship should be disregarded because he had been improperly joined to defeat diversity jurisdiction. Dauper's presence as a defendant eliminates complete diversity and, under 28 U.S.C. § 1441(b), prevents removal because he is a citizen of Texas, the state in which suit was brought. State Farm maintains that, under Texas law, Warren has no possibility of recovering against Dauper individually, and that Dauper is therefore improperly joined.

II

"The doctrine of improper joinder . . . entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Id.* at 576. Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiffs are unable to establish a cause of action against the non-diverse defendant in state court. *Id.* at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

Under the second alternative—the one at issue in this case—the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the

plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*[3]

There are two "proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law." *Id.*

> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.

*Id.* (footnote omitted). In cases where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* The decision to conduct such an inquiry rests within the discretion of the trial court and "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74. "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Id.* at 574.

---

[3]"A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood*, 385 F.3d at 573 n.9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

Warren asserts three claims against Dauper individually. If State Farm fails to meet its heavy burden of establishing as to just one of these claims that there is no reasonable basis for the court to predict that Warren might be able to recover against Dauper under Texas law, this case must be remanded to state court.

III

The court first assesses whether it has a reasonable basis to predict that Warren might be able to recover against Dauper based on his § 541.151 claim.

A

Section 541.151 provides a cause of action for damages based on unfair methods of competition or an unfair or deceptive act or practice in the business of insurance. With respect to Dauper, Warren alleges violations under § 541.060, which specifies certain unfair methods of competition or unfair or deceptive acts in the business of insurance that are actionable under § 541.151. Specifically, Warren alleges that Dauper misrepresented the coverage of the policy; failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which State Farm's liability had become reasonably clear; failed to promptly provide Warren a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for State Farm's denial of a claim or offer of a compromise settlement of a claim; failed to affirm or deny coverage of a claim

within a reasonable time; undertook to enforce a full and final release of a claim from Warren when only a partial payment had been made; and refused to pay a claim without conducting a reasonable investigation, in violation of § 541.060(a)(1)-(4), and (6).

The remedial scheme offered by § 541.151 and its accompanying provisions is a re-codification of the same statutory scheme in former Article 21.21 of the Texas Insurance Code. *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 280 n.2 (5th Cir. 2007) (noting that "the legal standards have not changed" in the re-codification); *accord Ins. Corp. of Hannover v. Polk*, ___ S.W.3d. ___, 2008 WL 2761259, at *1 n.1 (Tex. App. July 17, 2008, no pet. h.) ("[T]he [Texas] legislature made no substantive changes to Article 21.21 in enacting Chapter 541[.]"). The plaintiffs in *Gasch* asserted a claim against their insurance adjuster based on the predecessor to § 541.060 for some of the same violations that Warren asserts against Dauper. *See Gasch*, 491 F.3d at 280 n.2. The Fifth Circuit concluded that "Texas law clearly authorizes Article 21.21 actions against insurance adjusters in their individual capacities." *Id.* at 282 (citing *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484-86 (Tex. 1998)); *accord Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 n.9 (5th Cir. 2004); *Russell v. State Farm Lloyds*, 2001 WL 1326501, at *2 (N.D. Tex. Oct. 15, 2001) (Fitzwater, J.). Indeed, State Farm appears to concede that Texas law affords a private cause of action

against insurance adjusters for violations of § 541.060. State Farm instead contends that Warren's petition does not sufficiently plead facts that would entitle him to relief against Dauper under § 541.151. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("[W]hether the plaintiff has stated a valid state law cause of action [for purposes of improper joinder analysis] depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery."); *accord Russell*, 2001 WL 1326501, at *2-*3 (after concluding that Texas law permits suits under Article 21.21 against insurance adjusters individually, "[t]he question therefore becomes whether plaintiffs sufficiently allege in their petition that [the insurance adjuster defendant] failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which State Farm's liability had become reasonably clear.").

B

Warren alleges in his petition that he was involved in an automobile accident with Holub, in which Holub was at fault. At the time of the accident, Warren's automobile insurance policy with State Farm included $100,000 of underinsured motorist coverage. Warren obtained a judgment against Holub in the amount of $136,285.55 and then, with State Farm's consent, released Holub from the judgment in exchange for a payment of $20,007.00. He avers that, despite the fact that he has $116,278.55 in unsatisfied

damages related to the automobile accident with Holub, and despite having presented State Farm with a claim for underinsured motorist benefits, State Farm refuses to pay the claim. Warren also alleges:

> In further violation of Chapter 541 of the Texas Insurance Code and more specifically § 541.060, State Farm and Todd J. Dauper knowingly and intentionally engaged in unfair methods of competition and unfair and deceptive acts or practices in the business of insurance by engaging in Unfair Settlement Practices with respect to a claim by an insured or beneficiary including, but not limited to . . . .

Pet. ¶ 20 (footnote omitted). The petition then recites the statutory language of § 541.060(a)(1)-(4) and (6). Warren also alleges that Dauper was the State Farm insurance adjuster who handled his claim.

Whether Warren has sufficiently pleaded facts that state a claim against Dauper for violations of § 541.060 presents a close question. Because state court plaintiffs should not be required to anticipate removal to federal court, the court assesses the sufficiency of the factual allegations of Warren's complaint under Texas' notice pleading standard. *See De La Hoya v. Coldwell Banker Mex., Inc.*, 125 Fed. Appx. 533, 537-38 (5th Cir. 2005) (applying Texas' notice pleading standard to factual allegations of removed complaint in improper joinder analysis) ("'Texas follows a 'fair notice' pleading standard, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues

of the controversy and what testimony will be relevant at trial.'" (quoting *Penley v. Westbrook*, 146 S.W.3d 220, 232 (Tex. App. 2004), *rev'd on other grounds*, 231 S.W.3d 389 (Tex. 2007))); *Kiw, Inc. v. Zurich Am Ins. Co.*, 2005 WL 3434977, at *3-*4 (S.D. Tex. Dec. 14, 2005) (same) ("Mindful of Texas' liberal pleading standard and viewing all reasonable factual inferences in favor of the Plaintiff, the Court finds that Plaintiff's Petition provides a reasonable basis for predicting that Plaintiff could recover [under state court claims]"); *Watson v. Law Enforcement Alliance of Am., Inc.*, 386 F.Supp.2d 874, 878 (W.D. Tex. 2005) (same) ("The allegations in the petition fall short of what is required for notice pleading under Texas law."); *Archer v. Allstate Ins. Co.*, 2005 WL 1155059, at *2-*3 (S.D. Tex. May 16, 2005) (same) ("The Court agrees with [defendant] that the factual allegations in the Petition are minimal. The Court cannot conclude, however, that the Petition fails to meet Texas's fair notice pleading standard."); *Gonzalez v. Allstate Tex. Lloyd's*, 2005 WL 1155143, at *4-*5 (S.D. Tex. May 5, 2005) (same); *see also* Tex. R. Civ. P. 45 & 47; *but see Strickland v. Aaron Rents, Inc.*, 2005 WL 2035528, at *3 (W.D. Tex. Aug. 22, 2005) (holding that factual allegations of removed petition for purposes of improper joinder analysis are assessed under federal civil procedure standard rather than state standard). Moreover, improper joinder analysis hinges on whether the plaintiff is able to "establish a cause of action against the non-diverse

party *in state court*." *Smallwood*, 385 F.3d at 573 (emphasis added). The court therefore concludes that, under Texas' system of notice pleading, the factual allegations of Warren's petition are sufficient to state a claim against Dauper individually for violations of § 541.060.

The Fifth Circuit's finding of improper joinder in *Griggs* does not dictate a contrary conclusion. In holding that the plaintiff, Gerry Griggs ("Griggs"), had failed to sufficiently plead a cause of action under Article 21.21 against the in-state defendant, Lark Blum ("Blum"), the court reasoned:

> Griggs' original and amended petitions name Lark Blum as a defendant, but allege no actionable facts specific to Blum. The only factual allegation even mentioning Blum merely states that "Defendants, through its local agent, Lark Blum issued an insurance policy." The remainder of Griggs' pleadings refer to conduct by the "defendants" that can in no way be attributed to Blum. Both Griggs' factual allegations and his articulation of his legal claims focus solely upon State Farm Loyds' conduct in the processing and ultimate denial of his claim.

*Griggs*, 181 F.3d at 699 (brackets omitted). The court noted that "it is undisputed that Blum had no claims processing responsibility and no decision-making authority with respect to the processing of Griggs' claim or with respect to State Farm Lloyds' ultimate denial of Griggs' claim." *Id.* at 700.

As in *Griggs*, Warren's claim against Dauper under § 541.060 focuses on the processing and ultimate denial of Warren's claim for

insurance benefits. While the mere allegation that Blum was an insurance agent who sold the plaintiff his insurance policy was insufficient to connect Blum to the alleged improper processing and denial of Griggs's insurance claim, Warren's allegation that Dauper was the claims adjuster responsible for his claim does implicate Dauper in the alleged misconduct in the processing and denial of Warren's claim for benefits. The Texas Insurance Code defines an insurance adjuster as "an individual who investigates or adjusts losses on behalf of an insurer[.]" Tex. Ins. Code Ann. § 4101.001(a)(1) (Vernon Pamp. Supp. 2008); *see also Vargas v. State Farm Lloyds*, 216 F.Supp.2d 643, 648 (S.D. Tex. 2002) ("Although the duties of an insurance adjuster are starkly different from those of an insurance agent, an insurance adjuster nevertheless engages in the business of insurance by investigating, processing, evaluating, approving, and denying claims."). Although many of the factual allegations in Warren's petition that set forth the background of his claim for insurance benefits do not specifically mention Dauper, when the allegations are viewed in light of Warren's assertion that Dauper was the adjuster who handled his claim and the specific allegations that Dauper violated § 541.060(a)(1)-(4) and (6), the petition provides a sufficient factual predicate to a claim for insurance settlement and processing violations. Given Dauper's alleged responsibility in the settlement of the claim, Warren's factual assertions

underpinning his claim against Dauper are much stronger than those that supported Griggs's claim against Blum. Moreover, immediately before holding that the plaintiff's petition in *Griggs* failed to sufficiently allege facts that stated a claim against Blum, the court noted that the plaintiff "did not make any attempt to serve Blum with either the original or the amended petition." *Griggs*, 181 F.3d at 699. There is no evidence in the record that Warren did not serve Dauper with the petition, an omission that would tend to establish improper joinder. *See Russell*, 2001 WL 1326501, at *4 n.3 (distinguishing *Griggs* in part based on the lack of service on the in-state defendant in *Griggs,* whom the Fifth Circuit held was improperly joined).

C

Citing *Hornbuckle*, State Farm urges the court to pierce Warren's pleadings and require Warren to present summary judgment-like evidence establishing that there is a reasonable basis for predicting that Warren will be able to prosecute a § 541.060 claim against Dauper.

> For removal purposes, a local defendant is deemed fraudulently joined not only when there is no arguably reasonable basis for predicting that the local law would recognize the cause of action pled against that defendant but also when, as shown by piercing the pleadings in a summary judgment type procedure, there is no arguably reasonable basis for predicting that the plaintiff would produce sufficient evidence to sustain a finding necessary to recover against the defendant.

*Hornbuckle*, 385 F.3d at 545-46.  After reviewing the summary judgment type evidence available in the record, the *Hornbuckle* panel concluded: "The record clearly contains no summary judgment type evidence sufficient to sustain a finding that [the insurance adjuster] violated Article 21.21[.]"  *Id.* at 545.

> [W]e conclude that there is no reasonable possibility that Texas would allow recovery under Article 21.21 . . . against an insurance company employee, who in the course of his employment engages in business of insurance, *in the absence of* evidence sufficient to sustain a finding that that employee *himself* committed a violation of Article 21.21[.]

*Id.* at 544-45 (emphasis in original).  State Farm argues that Warren's failure to proffer sufficient summary judgment evidence that would allow the court to conclude that Dauper himself committed a violation of § 541.060 establishes that Dauper was improperly joined.  State Farm's logic contains several flaws.

First, the *Hornbuckle* court did not review the merits of the district court's order remanding the case to state court.  Rather, the sole issue before the panel was whether the district court erred in awarding the plaintiff attorney's fees for the defendants' wrongful removal of the case.  *Hornbuckle*, 385 F.3d at 541.  The unique procedural posture of *Hornbuckle* is significant because the guiding principle on review was whether the removing defendants lacked objectively reasonable grounds to believe the removal was legally proper, rather than whether there was a reasonable basis for the district court to predict that the plaintiff might be able

to recover against an in-state defendant.  *Id.*

Second, the defendants in *Hornbuckle* removed the case after certain facts surfaced during discovery concerning the plaintiff's claim against the in-state defendant.  *Id.* at 540.  That both parties had already performed discovery in state court was critical to the court's decision to require summary judgment-like evidence of the plaintiff tending to show that the plaintiff would be able to assert a claim against the in-state insurance adjuster.  *Id.* at 545.  The court explicitly distinguished the case from other fraudulent joinder cases "in which removal was on the basis that the pleadings did not state a claim against the local defendant or in which there was no discovery and no relevant summary judgment type evidence."  *Id.*

Third, the Fifth Circuit's *en banc Smallwood* decision makes clear that piercing the pleadings in the improper joinder context is appropriate "only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."  *Smallwood*, 385 F.3d at 573-74.  "For example, [the summary judgment type evidence could prove that] the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true."  *Id.* at 574 n.12.

> Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into the resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined.

*Id.* at 574. Thus even if the court in its discretion were to pierce the pleadings in deciding Warren's motion to remand, it would not look for evidence tending to prove the merits of Warren's claims against Dauper, but would search for proof establishing facts that would preclude Warren from recovering against Dauper.[4] For instance, State Farm might have presented evidence that Dauper is not an insurance adjuster, or that Dauper was not the insurance adjuster who handled Warren's claim, or that, although Dauper handled Warren's claim, another State Farm employee, not Dauper, had decisionmaking authority regarding the settlement or denial of Warren's claim.

State Farm presents one affidavit from Doug Fitzgerald

---

[4] In its response brief, State Farm asserts that permitting Warren to defeat diversity jurisdiction with such sparse factual allegations concerning the in-state insurance employee (Dauper) would allow a plaintiff to join as defendants any or all insurance employees who are engaged in the business of insurance but who had no dealings with the plaintiff or the plaintiff's insurance claim. This argument lacks merit because, if a plaintiff were to join as defendants insurance employees who did not work on the plaintiff's insurance claim or who did not have decisionmaking authority with respect to that claim, the case would present one of the narrow circumstances in which *Smallwood* authorizes the court to pierce the pleadings. In such a case, it would present a facile task for State Farm to establish that the employees were improperly joined.

("Fitzgerald"), the State Farm team manager who supervises Dauper. But Fitzgerald affirms that Dauper "was the Claim Representative who handled the uninsured/underinsured claim filed by Joel Warren that is the subject of the above-captioned lawsuit." Ds. Resp. Ex. A.[5] Fitzgerald avers that Dauper has no responsibility for State Farm's public statements, its marketing material, and the content of State Farm's website. Yet taking these declarations as true would not prevent Warren from recovering against Dauper under § 541.060. Furthermore, plaintiff's one affidavit given by his attorney, John Meazell, Esquire ("Meazell"), bolsters his factual allegation that Dauper was a decisionmaker in the settlement of Warren's claim. Meazell avers:

> I represented Mr. Joel Warren in connection with his insurance claim with State Farm, Defendant in the aforementioned case. The insurance claim for which I represented Mr. Warren forms the basis of the aforementioned lawsuit. In present[ing] the claim, I dealt primarily, if not exclusively, with Todd J. Dauper. It is my understanding that Mr. Dauper was handling Mr. Warren's insurance claim. In the course of such claim, I corresponded with Mr. Dauper over a period of months and he was the adjuster who would convey requests of information and offers of settlement. I do not recall discussing the claim with anyone other than Mr. Dauper following the mailing of Mr. Warren's demand package.

---

[5]The court is citing State Farm's evidence in this manner because it did not file the appendix required by N.D. Tex. Civ. R. 7.1(i)(1).

P. Br. Ex. A.[6]  The court concludes that even if it were to pierce the pleadings, State Farm has failed to meet its heavy burden of establishing improper joinder.

\* \* \*

Accordingly, the court holds that State Farm has failed to satisfy its heavy burden of establishing that Dauper—the in-state defendant—was improperly joined.  The court grants Warren's June 17, 2008 motion to remand, because the court lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  This action is remanded to the 192nd Judicial District Court of Dallas County, Texas.  The clerk shall effect the remand in accordance with the usual procedure.

**SO ORDERED.**

August 29, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[6]Like State Farm, Warren did not comply with Rule 7.1(i)(1) and file the required evidence appendix.